UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHAEL STOCKSLAGER,

    Plaintiff,

v.

DISTRICT OF COLUMBIA
NATIONAL GUARD,

    Defendant.

Civil Action No. TDC-22-1068

## MEMORANDUM OPINION

Plaintiff Michael Stockslager has filed a civil action against Defendant District of Columbia National Guard ("D.C. National Guard") alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654 (2018), 5 U.S.C. §§ 6301-6391 (2018), arising from his termination from his position as a Technical Sergeant for the District of Columbia Air National Guard ("D.C. Air National Guard"). The D.C. National Guard has filed a Motion to Dismiss, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED, and this case will be DISMISSED.

## BACKGROUND

In his Complaint, Stockslager asserts that in 2012, he began working as a member of the D.C. Air National Guard, a component of the D.C. National Guard, and that he served as a "weapons ordinance technician" who worked a 40-hour work week "in addition to weekend duty." Compl. ¶ 9, ECF No. 1. Prior to and while working as a member of the D.C. National Guard, Stockslager served as a Technical Sergeant in the United States Air Force. While serving in the

Air Force, Stockslager had four overseas deployments, including two in Afghanistan during which he experienced heavy combat.

In 2018, Stockslager started to experience symptoms of post-traumatic stress disorder and began seeing medical professionals for those symptoms. According to Stockslager, when he forwarded his doctors' notes to his immediate supervisor, he was told to get rest and that his supervisor "would take care of it." *Id.* ¶ 16. Stockslager began attending counseling sessions. In late 2018, Stockslager received a form from the D.C. National Guard through which he could elect a disability evaluation, but he alleges that after he submitted it, the form was not processed. Then, on May 1, 2019, Stockslager received a letter terminating him for "abandonment of position" in April 2019. *Id.* ¶ 19. Although Stockslager was able to modify his termination to an honorable discharge in 2021, his termination resulted in the loss of health insurance, income, and retirement benefits.

On May 2, 2022, Stockslager filed the Complaint in the present case in which he alleges that his termination constituted an adverse employment action in violation of the FMLA, which generally provides that an employee is entitled to 12 weeks of unpaid leave to address a serious health condition or to care for a family member, including following the birth of a child, *see* 29 U.S.C. §§ 2612(a)(1), (d), and that an employee taking such leave is entitled to be restored to the same position held prior to the leave, with equivalent pay and benefits, following such leave, *id.* § 2614(a). Stockslager seeks monetary damages, attorney's fees, and costs.

## DISCUSSSION

In its Motion to Dismiss, the D.C. National Guard argues that Stockslager's claim is barred by sovereign immunity because Stockslager is a federal employee for purposes of the FMLA, and the FMLA does not provide a private right of action to federal employees. The D.C. National

Guard further argues that Stockslager's claim should be dismissed because he failed to exhaust administrative remedies as required by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7511-7515. Because the Court finds that the Motion can be resolved based on the first argument, it need not and will not address the second.

## I.     Legal Standard

The D.C. National Guard seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. The D.C. National Guard asserts that its argument that the FMLA does not afford a private right of action to federal employees implicates subject matter jurisdiction because it amounts to the lack of a waiver of sovereign immunity by the federal government. "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). However, the FMLA does not discuss a jurisdictional requirement, the United States Supreme Court has not definitively found that this issue relates to subject matter jurisdiction, and it has instead generally instructed that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). The Court need not resolve the question of whether the Motion implicates subject matter jurisdiction because, as discussed below, the result is the same under either Rule 12(b)(1) or Rule 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). When a defendant asserts pursuant to Rule 12(b)(1) that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## II. FMLA

The FMLA contains separate provisions for federal and non-federal employees. Title I of the FMLA provides that it is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter," 29 U.S.C. § 2615(a)(1), and grants to employees a private right of action against their employers to enforce these provisions, *id.* § 2617(a)(2). However, Title I applies only to an "eligible employee," a term which, as defined in the statute, does not include "any Federal officer or employee covered under subchapter V of chapter 63 of Title 5." *Id.* § 2611(2)(B)(i). Subchapter 5, in turn, defines an employee as an "employee . . . as defined in [5 U.S.C. §] 2105." 5 U.S.C. § 6301(2)(A).

In light of this exclusion, "most employees of the federal government to whom the FMLA applies . . . are governed by Title II of the FMLA." *Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997). Title II of the FMLA similarly permits 12 weeks of unpaid leave to address a serious health condition or to care for a family member, 5 U.S.C. § 6382, and provides that any "employee who

takes [such] leave . . . shall be entitled, upon return from such leave . . . to be restored by the employing agency to the position held by the employee when the leave commenced," or "to be restored to an equivalent position with equivalent benefits, pay, status, and other terms and conditions of employment," *id.* § 6384(a). Title II, however, does not afford a private right of action to a federal employee. *Mann*, 120 F.3d at 36. Rather, the enforcement mechanism for federal employees is to pursue the administrative remedies available under the CSRA with the potential to appeal to the Merit Services Protection Board ("MSPB"). *See Davis v. Thompson*, 367 F. Supp. 3d 792, 800 (D. Md. 2005) (stating that "a Title II federal employee may bring a FMLA claim before the MSPB, and thereafter appeal to the U.S. Court of Appeals for the Federal Circuit," but that such an appeal would be "the end of the road"). Title II applies to "an employee as defined by section 2105 of [Title 5]." 5 U.S.C. § 6301(2)(A). Where that definition mirrors the definition of federal employees excluded from Title I, "[f]ederal employees governed by Title II . . . are specifically excluded from coverage under Title I." *Mann*, 120 F.3d at 36.

### III. Dual Status Military Technicians

Thus, the key question is whether Stockslager was a federal employee for purposes of Title II such that he is not covered by Title I. The parties agree that Stockslager's position with the D.C. National Guard during the relevant time period was that of a "military technician (dual status)," or a dual status military technician. *See* Mot. Dismiss at 2 & n.1, ECF No. 11-1; Opp'n at 3 n.2, ECF No. 12-1. In defining the position of dual status military technician, Title 10 of the United States Code, the title governing the Armed Forces, classifies the position as "a Federal civilian employee" for "purposes of this section and any other provision of law . . . ." 10 U.S.C. §§ 10216(a)(1) (2018). In *Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 143 S. Ct. 1193, 1199 (2023), the Supreme Court considered whether dual status military technicians are

5

federal employees for purposes of determining whether the provisions of the Federal Service Labor-Management Relations Statute (FSLMRS"), 5 U.S.C. § 7101-35, apply to them. *Ohio Adjutant General's Dep't*, 143 S. Ct. at 1196. The Court held that a state national guard acts as a federal agency for purposes of the FSLMRS when it hires and supervises dual status military technicians, that dual status military technicians are appointed by adjutants general as "civilian employees in the federal civil service," and that they are therefore "ultimately employees of the Secretaries of the Army and the Air Force." *Id.* at 1199. Dual status military technicians are therefore generally considered to be federal civilian employees.

The specific statutory language of the FMLA confirms that dual status military technicians are also federal employees for purposes of the FMLA. As discussed above, an employee excluded from Title I and covered by Title II of the FMLA is a "Federal officer or employee covered under subchapter V of Chapter 63 of Title 5," 29 U.S.C. § 2611(2)(B)(i), which in turn defines such a federal employee as "an employee as defined by section 2105 of this title." 5 U.S.C. § 6301(2)(A). As relevant here, 5 U.S.C. § 2105 defines "employee" as "an officer and an individual who is . . . appointed in the civil service by one of the following acting in an official capacity," including "an adjutant general designated by the Secretary concerned under section 709(c) of title 32." *Id.* § 2105(a)(1)(F). There is no dispute that Stockslager was appointed by the adjutant general of the D.C. National Guard, and that the adjutant general was designated by the Secretary of Defense. Thus, a dual status military technician is a federal employee for purposes of the FMLA and is thus covered only by Title II.

Stockslager notes that within 32 U.S.C. § 709, a section which discusses the employment, use, and status of dual status military technicians and non-dual status military technicians within

6

the National Guard, § 709(c), the subsection referenced in 5 U.S.C. § 2105(a)(1)(F), actually references non-dual status technicians and reads as follows:

> (1) A person may be employed under subsection (a) as a non-dual status technician (as defined by section 10217 of title 10) if the technician position occupied by the person has been designated by the Secretary concerned to be filled only by a non-dual status technician.
>
> (2) The total number of non-dual status technicians in the National Guard is specified in section 10217(c)(2) of title 10.

32 U.S.C. § 709(c) (2018). This provision, however, does not relate to the authority to appoint an adjutant general as contemplated by the cross-reference in 5 U.S.C. § 2105(a)(1)(F). Rather, that cross-reference relates to the former § 709(c), which was re-designated as the present § 709(d) in 1999. 32 U.S.C § 709(c) (1994); National Defense Authorization Act for Fiscal Year 2000, Pub. L. 106-65, § 524, 113 Stat. 512, 599 (1999). The former § 709(c), now § 709(d), states that "[t]he Secretary concerned shall designate the adjutants general referred to in section 314 of this title to employ and administer the technicians authorized by this section," 5 U.S.C. § 709(d), and therefore is directly responsive to the cross reference in 5 U.S.C. § 2105(a)(1)(F) as the source of the appointing authority. *Compare* 32 U.S.C. § 709(c) (1994), *with* 32 U.S.C. § 709(d) (2018). Notably, 32 U.S.C. § 314, as referenced in 32 U.S.C. § 709(d), specifically includes the adjutant general of the District Columbia. *See* 32 U.S.C. § 314(a).

In *Ohio Adjutant General's Department*, the Supreme Court effectively recognized that the cross reference in 5 U.S.C. § 2105(a)(1)(F) necessarily refers to the former § 709(c), and thus the present § 709(d), when in reviewing the same statutory framework in deciding that dual status military technicians are federal employees for purposes of the applicability of the FSLMRS, it adjusted that subsection's cross reference to refer to section 709(d), rather than section 709(c):

> Adjutants general appoint dual-status technicians as civilian employees in the federal civil service. *See* 5 U.S.C. § 2105(a)(1)(F) (providing that the term

"'employee,'" for purposes of Title 5, ordinarily includes "an individual . . . appointed in the [federal] civil service by . . . an adjutant general designated by the Secretary [of the Army or of the Air Force] under section 709[(d)] of title 32"). And, m Congress has required the Secretaries of the Army and Air Force to "designate" adjutants general "to employ and administer" technicians. 32 U.S.C. § 709(d).

*Ohio Adjutant General's Dep't*, 143 S. Ct. at 1199. Such a reading is the only reasonable one because reading 5 U.S.C. § 2105(a)(1)(F)'s cross-reference to refer to 32 U.S.C. § 709(d) gives concrete guidance as to which "adjutant general[s] designated by the Secretary," 5 U.S.C. § 2105(a)(1)(F), can have the authority to appoint individuals considered to be federal employees under Title II of the FMLA.

The Court therefore finds that, based on the statutory text of the FMLA, as well as 10 U.S.C. § 10216(a) and *Ohio Adjutant General's Department*, dual status military technicians are federal employees for purposes of the FMLA and thus covered only by Title II. Consequently, Stockslager is not an "eligible employee" under Title I of the FMLA and cannot avail himself of its grant of a private right of action. 29 U.S.C. §§ 2611(2)(B)(i), 2617(a)(2). Stockslager's claim must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the D.C. National Guard's Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date: November 22, 2023

THEODORE D. CHUANG
United States District Judge